## G. H. & S. A. R'y Co. v. M. B. Dunlavy and Wife.

### (Case No. 259.)

1. CHARGE OF COURT — STATUTE CONSTRUED.— The statute requiring the instructions to the jury to be in writing is directory, and a violation thereof cannot be assigned as error.

2. CHARGE OF COURT.— It is error to instruct the jury in a suit for damages against a corporation in which exemplary damage is claimed, to return a verdict for such damages as they believe from the evidence the plaintiff is entitled to, without furnishing them a rule for their guidance in discriminating between actual and exemplary damages.

3. DAMAGES.— In a suit for damages in which both actual and exemplary damages were claimed, the verdict was for $150 actual damages, and for $237.50 "for insult." *Held*, the verdict by its terms excluded the idea that a larger sum than $150 for actual damages was intended.

APPEAL from Fort Bend. Tried below before the Hon. L. Lindsay.

This was a suit brought by M. B. Dunlavy and wife against the G. H. & S. A. R'y Co. The facts of the case were substantially these: Mr. Dunlavy, his wife, infant and nurse took the train at Richmond to go to Walker's Station, seven miles off, placing in the charge of the baggage master the lady's trunk, containing her wardrobe, a gold watch worth $200, a music box worth $60, and other articles; the trunk itself, a "hasp lock," being worth $10. On arrival at the station, the party who sat near the door at once started out. Before they could alight, as stated by the plaintiffs — certainly before they could demand the trunk,— the train moved off. Plaintiff Dunlavy called out, "you have not put off my trunk;" whereupon, at the orders of the conductor, the baggage master, while the train was in motion, put off the trunk. The manner of putting it off was differently stated; Henderson, the baggage master, says he sprang out of the car, lifted out the trunk, and sprang up on a rear car. The other wit-

nesses did not see him do this, but saw only that the trunk was put off while the train was in motion. All agree that the trunk came open. Both the plaintiffs say it was broken and ruined, the clothing — some of it fine — scattered about, torn, and soiled; the music box ruined, and the watch so injured as to be afterwards useless as a timepiece. Plaintiffs testified that the train did not stop at the depot as long as usual, Mrs. Dunlavy saying that though they hurried out of the cars, her nurse "almost tossed her baby to her," such was the haste required in alighting.

The defense was that the trunk, for which no "check" had been given — the company refusing to give checks for short distances,— was not called for until the cars had started, and that when called for the baggage master put it out as best he could while the cars were in motion, at the order of the conductor, and that he would have put it out at the depot if it had been demanded of him there.

The petition claims $150 as actual damages, and $500 for exemplary damages; the claim for the latter being based upon the allegation that the defendant "acted with gross and unusual negligence, with an insulting disregard of plaintiffs' rights, with a studied denial of the courtesy due them as passengers, and with high-handed and oppressive use of their power to annoy and insult passengers having baggage for transportation."

The cause was submitted to a jury under a verbal charge given by the court. Verdict for the plaintiffs, "actual damage $150, and for insult $237.50." Judgment rendered accordingly.

The defendant filed his motion for a new trial, upon the ground that the verdict of the jury was excessive and contrary to the evidence, in this: that the jury were not warranted by the evidence in giving exemplary damages; that there was no evidence of insulting, willful, wanton or oppressive conduct on the part of the defendant or its agents towards plaintiffs, and no ground for exemplary

or vindictive damages. Which being overruled, the defendant appeals, and assigned the following grounds of error:

1st. The court erred in giving to the jury a verbal charge as to the law of the case, as shown by bill of exception.

2d. That said verbal charge was erroneous, in that it did not instruct the jury as to the law in cases in which the plaintiffs would be entitled to exemplary damages, as shown by bill of exceptions.

3d. The court erred in refusing the charges asked for by defendants, as will be seen by bill of exceptions.

4th. The court erred in refusing a new trial on the grounds set out in the motion therefor, as shown by bill of exceptions.

*John T. Harcourt* and *W. S. Darden,* for appellants.

*P. E. Peareson,* for appellee.

WALKER, P. J. COM. APP.— The first three grounds assigned as error relate to the charge given by the court and the instruction which was refused as asked to be given by the defendant; and they may be all considered together.

It has been repeatedly ruled that the statute requiring the charge or instruction to the jury to be reduced to writing is directory merely, and a violation of it cannot therefore be assigned as error. Reid *v.* Reid, 11 Tex., 585; Boone *v.* Thompson, 17 Tex., 606; Chapman *v.* Sneed, 17 Tex., 428. Therefore the mere fact that the charge was not in writing, unless otherwise violative of the defendant's rights, so as to have resulted in an injury to the appellant, or unless it be made to appear that such injury *may* have resulted in consequence of such oral charge, will not afford ground for the reversal of the judgment.

This verbal charge, however, was misleading, in that

it left it to the jury to find such damages against the defendant as they believed from the evidence the plaintiffs were entitled to, without furnishing to them any rule of law for their guidance in making a proper discrimination as to any distinction between actual and exemplary damages.

It is shown in the bill of exceptions that the court instructed the jury "That they would find for the plaintiffs such damages as from the evidence they had actually sustained, and such other damages as the jury believed from the evidence the plaintiffs were entitled to, not exceeding the amount claimed." This charge is objectionable in allowing to the jury their judgment or belief concerning the measure and rule of law for the infliction of exemplary damages as the criterion of the defendant's liability. The petition made a distinctive claim for two kinds of damage contemplated to exist in actions of this kind; and while it might be conceded that the charge in respect to actual damage, although quite general in its terms, is sufficient unless excepted to, or unless further instructions on that head were asked to be given, yet as respects exemplary damages in actions of this kind, against a corporation, for damages sustained on account of the acts of its agents, the rules of law applicable to the defendant's liability for vindictive damages make it depend upon considerations far different to the mere belief or opinion of the jury upon the general proposition expressed in the judge's charge, to find such damages as they believe from the evidence the plaintiffs were entitled to. See Hayes v. H. & G. N. R. R. Co., 46 Tex., 273.

We are of the opinion that the fourth and last ground of de'en lant's assignment of errors is well taken. The jury in their verdict discriminate in their finding between actual damages, and such as they give according to the expression used in it, "for insult, $237.50."

In view of the issues presented by the pleadings and

the charge of the court as shown by bill of exceptions, it may fairly be inferred that the jury had in contemplation exemplary damages in the phrase used by them, "for insult, $237.50," as above quoted. At all events, whatever meaning might be assigned to the term "for insult," the finding in their verdict, "for the plaintiff, actual damages, $150," excludes the idea that they meant to allow to the plaintiffs a larger sum for actual damages than the $150 specified. In the case of Hayes *v.* H. & G. N. R. R. Co., 46 Tex., 373, it is indicated in the opinion that injuries to the feelings do enter into as an element of actual damages as distinguished from exemplary damages, in certain cases; and in this case, the jury not having specified any sum as exemplary damages, it is not incompatible, in a strict and liberal sense, to apply the term "for insult" to the subject of actual damages, and as having reference to the actual damages recoverable in this suit. The vagueness, however, and the generality of the charge of the court given to them, together with their finding specially $150 as actual damages, preclude us from interpreting the verdict as rendered otherwise than as meant to give $150 as actual damages and $237.50 as exemplary damages; and that, too, upon their own convictions as to what were the proper constituent elements of either kind of damage.

As to the $237.50, for the want of a proper charge we believe under the evidence that it cannot be safely referred to an intelligent finding by the jury upon the rights of the parties. The jury may, notwithstanding the forms of expressions used, have intended to include in said sum amounts which would have properly embraced actual damages, or that entire sum ($237.50) may have been intended by them as exemplary damages, although not so expressed.

Upon these considerations alone we conclude that the judgment ought to be reversed.

We might, and perhaps would, add other reasons for this conclusion relating to the insufficiency of the evidence to sustain the judgment in this case, so far as it relates to exemplary damages, upon the doctrines laid down in Hayes v. H. & G. N. R. R. Co., *supra*, and Bradshaw v. Buchanan, 50 Tex., 492, and Gordon v. Jones, 27 Tex., 620; but the counsel for the appellees in his brief requests the supreme court, in case they come to the conclusion which we have indicated, to permit the appellees to remit the exemplary damages and to affirm the judgment for the actual damages only.

Regarding this formal statement of counsel as a tender now to remit, we conclude that, there being no other error for which the judgment ought to be reversed, that said remission shall be accepted and entered, and the judgment reversed as to said exemplary damages, and affirmed as to the residue.

And we conclude, therefore, upon the whole case, that the supreme court ought to reverse, and render such judgment as ought to have been rendered in the court below accordingly as the same has above been indicated.

REVERSED AND RENDERED.

[Opinion delivered February 13, 1882.]