### WILEY BIZZELL v. THE STATE.

No. 2820.   Decided December 10, 1913.

Rehearing denied January 14, 1914.

**1.—Murder—Jury and Jury Law—Special Venire—Challenges.**

Where, upon trial of murder, in the organization of the jury seven of the special veniremen did not answer to their names as they were called on their voir dire, and the court was informed by the sheriff that the absent jurors were exempt and had claimed their exemption, although no affidavits were on file, whereupon the court excused the said absent jurors over the objection of defendant, who demanded that each be brought into court, and declined to proceed until this was done, which the court refused, whereupon the State peremptorily challenged all the absent jurors, and the court forced the defendant to proceed to trial, there was no reversible error, as defendant had not exhausted all his challenges and no injury was shown.   Davidson, Judge, dissenting.

**2.—Same—Exempt Jurors—Practice—Statutes Construed.**

Under the Act of April 16, 1907, article 676, Code Criminal Procedure, persons summoned as jurors on a special venire who claim their exemption, may make oath before any authorized officer and file their affidavits with the clerk, which shall constitute sufficient excuse, without appearing in person.   But where even this is not done, yet the State peremptorily challenges such jurors, no substantial right of defendant is violated in the absence of any injury shown. Davidson, Judge, dissenting.

**3.—Same—Directory Statutes—Statutes Construed.**

Articles 673, 675, 676, 677, 696, and all the statutes regulating the formation of a jury in a capital case, are not mandatory but only directory, and where under article 690, Code Criminal Procedure, the State peremptorily challenges the absent special veniremen, and defendant has not exhausted his peremptory challenges, and the court was advised that each absent juror had a lawful excuse, there was no error in forcing defendant to proceed to trial.   Following Jackson v. State, 30 Texas Crim. App., 664, and other cases.   Davidson, Judge, dissenting.

**4.—Same—Change of Law—Statutes Construed—Practice.**

The Act of 1907, supra, article 676, under which persons may file their exemption as special veniremen with the clerk, without appearing in person, has not changed the practice with reference to permitting the State to peremptorily challenge absent special veniremen without assigning any reason, and the court forcing defendant to proceed to trial.   Following Miller v. State, 47 Texas Crim. Rep., 329, and other cases.

**5.—Same—Ex Parte Affidavits—Practice on Appeal.**

This court will not consider ex parte affidavits filed in this court to contradict bills of exception showing that the district attorney peremptorily challenged the absent special veniremen.   Following Pye v. State, 71 Texas Crim. Rep., 94.

Appeal from the District Court of Jasper.   Tried below before the Hon. A. E. Davis.

Appeal from a conviction of murder in second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Powell & Lee,* for appellant.   Cited Osborn v. State, 5 S. W. Rep., 252; Miller v. State, 47 Texas Crim. Rep., 329.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Judge Davidson has written an opinion herein and presented it in consultation reversing this case because of the action of the court in not strictly following the statutes with reference to the organization of a jury and special venire, in a capital case. He quotes articles 673, 675, 676, 677 and 696, Code Criminal Procedure, and cites some cases. And, in effect, he holds that the statute on the subject is mandatory and that the court will not stop to speculate about whether injury has resulted to appellant, especially in capital cases under the positive assertions and terms of the said statutes.

As we can not agree with him in his opinion and holding, it is necessary for us to write our views, and, as we believe no reversible error is shown, and no injury to appellant, to affirm instead of reverse and remand the case, as is sought by Judge Davidson.

The appellant in this case was found guilty of murder in the second degree and his punishment fixed at the lowest prescribed by law—five years in the penitentiary.

Appellant's first bill of exceptions to the organization of the jury shows that before appellant announced ready the special venire summoned in his case was called and seven of them did not appear. Their number on the venire list were 2, 11, 21, 33, 36, 42, and 58. What number composed the venire is not shown, but from the bill it is certain that there were more than fifty-eight; that when the judge ascertained the absence of these seven special veniremen he inquired the cause, and the sheriff, and others, told him the absent ones were exempt, either over age, road overseers, pharmacists or some other exemption under the law, and that each of them claimed their exemption. No affidavit was made by either of them that they were so exempt, or claimed their exemptions. None of them were absent because of sickness. Whereupon, the judge excused them, to which appellant objected because no legal excuse had been offered, and the judge had no right to excuse them, because they were exempt, even though their excuse had been made and sworn to at the time they were summoned; that he had the right to have the jurors who were drawn in court that he might test them and hear and know for himself that they were exempt and claimed their exemptions, and that he then demanded that they be brought into court. The court refused this and required him to proceed with the trial.

In qualifying his bill on this point the court stated that he did not exhaust all of his challenges and that the State challenged all the absent jurors.

His second bill shows that in the organization of the jury the jurors' names who had been drawn were called, one at a time and tested on their voir dire; that when the names of the absent jurors were respectively reached, he demanded that they each be brought into court and he declined to proceed further until that was done. The court refused

this and stated that he had excused each of them and required him to proceed with the trial with the absent jurors not in court, and without further effort to procure their attendance, which he did.

The court, in allowing this bill, qualifies it by stating that each juror had a lawful excuse and was excused by the court and that the defendant did not exhaust all of his challenges.

The substance of our statutes, including those articles cited and quoted by Judge Davidson regulating the formation of the jury in capital cases, is to this effect: That when the case goes to trial the names of the summoned jurors shall be called at the courthouse door—such as are present shall be seated in the jury box; those absent may be fined, and, at the request of either party, an attachment may issue for anyone summoned not present, to have him brought forthwith before the court. (C. C. P., art. 673.) They shall then be sworn to answer questions on their voir dire. (Article 674.) The court shall then hear and determine the excuses, and if the court deems it sufficient the juror shall be discharged. (Article 675.) Prior to the Act of April 16, 1907, p. 216, there was no way provided by our law whereby an exempt person summoned as a juror on a special venire could avoid actual personal attendance on the court when the case was called for trial. This was such an onerous burden on exempt persons, and such an expense to them, that the Legislature passed said Act of April 16, 1907, which is now article 676, Code Criminal Procedure, whereby it was provided that if such exempt persons thereafter desired to claim their exemptions they might make oath before any authorized officer, or the officer summoning him, stating their exemptions and file such affidavit with the clerk of the court before the convening thereof in which case it shall constitute sufficient excuse, without appearing in person. A summoned venireman can be excused from attending court by consent of both parties. (Article 677.) The court shall then proceed to try the qualifications of those summoned, who are present, to serve as jurors. (Article 686.) When such juror is held qualified he shall be first passed to the State, and then the defendant, for acceptance or challenge. (Article 688.) The State can then peremptorily challenge such juror without assigning any reason therefor. (Article 690.) The State and defendant each are entitled to fifteen peremptory challenges. (Article 691.)

Unquestionably, under our statutes, given above, the State has the right to challenge any juror peremptorily, and the appellant can neither complain nor call for any explanation or reason therefor, from the State. The State's right to thus challenge being absolute, no reason can be called for and no possible injury can result to an appellant because of such challenge. It certainly could not be contended by anyone that the State, having this absolute right, could be required to produce the juror and· have him examined on his voir dire or otherwise, and whether he had any excuse at all or not. The State, in this case, as the bill and qualification thereof without question showed, challenged

peremptorily each of these seven absent jurors. Then, how can it be possible that appellant was injured in any way by the action of the court and of the district attorney? To have required the court to delay the case, put the State to a great expense to send out over the county and require the attendance of these seven exempt jurors, or whether they were exempt or not, or claimed it or not, and have them quit their homes and their businesses and go to the county seat, there attend upon court, at an expense to each of them, could in no possible way have been any benefit to appellant or violated, to his injury, any privilege he had. And the court, in not requiring this and permitting the State to peremptorily challenge them, violated no substantial right of the appellant and he has shown no possible injury thereby.

There can be no question but that our statute regulating the formation of a jury in a capital case is not mandatory, but is clearly directory only. And this court has uniformly, repeatedly and expressly so held.

The case of Jackson v. State, 30 Texas Crim. App., 664, was a capital case wherein life imprisonment for murder in the first degree was fixed as his punishment. In that case when the special venire was called four of them who had been summoned failed to appear. The defendant, thereupon, asked that the proceedings be stayed and attachments issued to enforce their attendance. This was denied by the court and appellant duly excepted. Then, as the name of each absentee was reached on call of the list, he again claimed a right to have this juror present and again asked that an attachment be issued for him and that he be not compelled to pass upon any venireman, except upon the attendance of the whole list as served upon him. The court again refused his request and compelled him to pass the veniremen who were present and in attendance, to which he again duly excepted. Our statute then was precisely as now on this subject, except the addition of article 676, the said Act of 1907, cited supra.

This court in the Jackson case, through Judge Davidson, said:

"In regard to these absent veniremen, it is shown by the explanation of the learned trial judge to the bill of exceptions that 'when the request for the attachment was made by the defendant's attorneys the court inquired of the sheriff the residence, and when he could likely get them into court. He stated that they lived in different and remote parts of the county, some as far as twenty miles from the courthouse; and that it would require two or three days to get them, if they could be got at all.'

"The fact as to the difficulty to secure the attendance of these veniremen as stated by the sheriff was not controverted or attempted to be controverted by the defendant or his counsel. Livar v. The State, 26 Texas Ct. App., 115. This should have been done in order to entitle the defendant to complain of the action of the court. But in case we concede any irregularity or error in the ruling of the court as above complained of, it is not an error of a reversible character, unless it be affirmatively shown by the defendant that injury has inured to him on

account of the failure to observe any of the regulations prescribed by the statute for the organization of the jury summoned under the special *venire facias.* The statutes with regard to the formation of a jury in capital cases are directory, and not mandatory; and where substantial compliance has been observed, no irregularity or failure upon the part of the court to observe a literal compliance with said statutes will be held reversible error, unless injury to the defendant is shown. Murray v. State, 21 Texas Crim. App., 466; Hudson v. State, 28 Texas Crim. App., 323. A defendant can not unreasonably delay a trial on account of the absence of the jurors who have been summoned. Habel v. State, 28 Texas Crim. App., 588." This Jackson case was then affirmed.

Again, in Roberts v. State, 30 Texas Crim. App., 291, in which Roberts was convicted of murder in the first degree and his punishment fixed at a life term in the penitentiary, this court, through Judge Davidson, therein held: "Statutes directing the mode of proceeding by public officers are directory, and are not to be regarded as essential to the validity of the proceedings themselves unless so declared in the statutes. Pocket v. State, 5 Texas Crim. App., 552; Murray v. State, 21 Texas Crim. App., 466; Railway v. Dunlavy, 56 Texas, 256; People v. Cook, 14 Barb., 259, 290; Holland v. Osgood, 8 Vt., 280; Corliss v. Corliss, id., 373; Ex parte Holding, 56 Ala., 458; Suth. Stat. Con., sec. 451; Thompson on Trials, sec. 15."

In the case of Murray v. State, 21 Texas Crim. App., 466, cited by Judge Davidson in both the Jackson and Roberts cases, supra, the defendant therein was convicted of murder in the first degree and the death penalty assessed as his punishment. That case was affirmed. In that case many irregularities were shown without question, in summoning the special veniremen and the return of the officer thereon, and in the copy thereof served on appellant, to all of which he promptly objected and saved his point by proper bills. He insisted that the court committed many radical errors in failing to comply with the requirements of our statute as to the mode and manner of selecting and organizing the jury, that the court did not have the names of those summoned called at the courthouse door and require such as were present to be seated in the jury box, nor did the court afford him an opportunity to apply for attachment for those not present, nor did the court call up and swear or have sworn all those present, or test their qualifications, or their excuses, or afford him any opportunity of knowing who were present in obedience to the venire facias. His objections were that the mode of empaneling the jury by the court was in direct contravention of the provisions of the statute and deprived him of important rights accorded him by law. He insisted that the purpose and intent of said articles 673 to 677, inclusive, of our Procedure was that all those summoned should be sworn in a body and all excuses heard and determined, and their qualifications ascertained and absentees noted so that he would only have a panel of qualified jurors without excuses, in actual attendance, upon whom to expend his challenges and from whom to select his.

jury; that the mode adopted by the court deprived him of those important rights and necessary privileges, and he was compelled to pass upon each juror tendered him without possibly knowing who of those remaining upon the list were qualified, had excuses or were absent. (This is a substantial statement of these matters from the opinion of Presiding Judge White in the Murray case.)   Judge White then proceeds to quote said provisions of the statute, and then for the court, in the opinion, said:

"These are the preliminary steps provided by the law for the preparation of the special venire, so that a jury may be selected therefrom. And there is no doubt but that they should be followed, and that it would be better in practice, in this, as in all cases where the mode of procedure has been prescribed for the State, to follow the rules as adopted for the government and conduct of the trial of her citizens.   It is to be presumed that such rules have been adopted for some wise purpose.

"In this instance the learned judge has seen fit to ignore the rules thus prescribed, though his attention was attempted to be called to them by the objections of counsel for defendant, and his action was promptly excepted to at the time, as shown by defendant's bill of exceptions in the record.   That his action is in contravention of the statute can not be denied.   If it is erroneous, then the judgment must necessarily be reversed.   His action is inevitably erroneous if the statutes quoted are mandatory.   If not, then the action, whilst it establishes a patent irregularity, is not a reversible matter.   Are the statutes mandatory or directory?

"'In respect to statutes,' says Mr. Cooley, 'it has long been settled that particular provisions may be regarded as *directory merely*; by which is meant that they are to be considered as giving directions which *ought* to be followed, but not as so limiting the power in respect to which the directions are given that it can not effectually be exercised without observing them.'   Again, the same learned author says:   'Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly, and prompt conduct of the business, and by failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time, or in the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purpose of the statute.'   (Cooley's Const. Lim., 4 ed., pp. 89 and 93.)

"In the well considered case of Hurford v. The City of Omaha, the court, amongst others, lays down the following rule as a safe guide in the interpretation of statutes relating to the question under consideration, namely:   'That when the particular provision of the statute relates to some immaterial matter, where compliance is a matter of convenience rather than substance, or where the directions of the statute are given with a view to the proper, orderly, and prompt conduct of business

merely, the provision may be generally regarded as directory.' (4 Neb., 336.)

"This court, in the case of Wilkins v. State, without attempting to lay down definite rules for determining whether a statute is mandatory or directory, adopted as a safe and sound conclusion the remarks of Judge Moore in the case of Campbell v. State, 42 Texas, 591, to the effect that, 'whenever there is reason to apprehend that injury may have resulted to the defendant, especially in a case of felony, from a failure to observe directions given the court by the Legislature, we think, unquestionably, the judgment should be reversed.' (15 Ct. App., 420.)

"In the case we have under consideration, the statutes quoted above relate entirely to matters of procedure, and are directory, and if it were possible that an injury could result from a non-observance of such rules, then no such injury is shown in this record, because the jury, as impaneled to try the case, was selected from the original special venire, which was not exhausted in the selection, and the selection was made in conformity with Article (640) 696, Code of Criminal Procedure (Charles v. State, 13 Texas Crim. App., 658), which is the mode prescribed for the final selection of the jury which is to try the case."

Judge Hurt in Davis v. State, 28 Texas Crim. App., 542, said: "To reverse in the absence of probable injury would be contrary to principle."

It is needless to cite other cases to the same effect. None of these cases cited by us have been overruled, modified or qualified, so far as we know, or have been able to find after diligent search. The whole trend of the decisions is in support of these cases and the trend of all the statutory enactments of the Legislature are also in support thereof. Besides, the principles announced are unquestionably correct.

There is no other material or reversible error pointed out in the record in this case. And as we understand Judge Davidson himself does not contend that there is any such error. Therefore, instead of reversing and remanding this cause, it will be affirmed.

*Affirmed.*

HARPER, Judge.—Inasmuch as the record discloses that when the names of each of the absent jurors was called, and defendant demanded they be brought in, the State's counsel stated he would peremptorily challenge the juror, and such challenge was charged to the State, I agree to the judgment of affirmance.

DAVIDSON, Judge (dissenting).— I do not care to dissent further than to say I am inclined to believe that this case is distinguishable from Miller's case, 47 Texas Crim. Rep., 329, by reason of the change in the law by Act of 1907, wherein it is required that all parties claiming exemption from jury service must file their affidavits with the clerk before convening of court, otherwise the court can not excuse them.

ON REHEARING.

January 14, 1914.

PRENDERGAST, Presiding Judge.—Attached to his motion for rehearing appellant has some affidavits which were made on December 23, 1913, and filed for the first time in this court. By these affidavits he attempts to explain the facts, and, in effect, contradict them as to one of his bills of exception, to the effect that the district attorney did not peremptorily challenge the absent jurors until the jury had been made up. This can not be done in this court. We must take the record as we find it. If it could be done at all, it should be done in the lower court and within the time prescribed by law. Pye v. State, 154 S. W. Rep., 226. Besides, we think the case of Miller v. State, 47 Texas Crim. Rep., 329, even if appellant could change his bill in this court, is in point and decisive against his position, and not distinguishable from this case. In that case this court, through Judge Davidson, said:

"Appellant was convicted for the murder of his wife, and given the death penalty. There are about eighteen bills of exception in the record, most of which pertain to the organization of the jury. The bills, as qualified by the judge in regard to this matter, show that a special venire was ordered. All the jurors, by the sheriff's return, had been summoned. Fourteen of this number had been excused by agreement of parties. Of those remaining, twenty-eight were present, and eight absent. As the name of each of the absent jurors was reached on the call of the list, appellant requested an attachment, and further, that the empanelment of the jury cease until the absent juror could be present; but the court proceeded with the call until the entire list was exhausted. When this stage of the proceedings was reached, appellant's counsel requested that the proceedings be stopped, until the eight absent jurors could be brought into court. When this request was made, the district attorney peremptorily challenged the eight absent veniremen. This was sustained by the court, and the eight challenges charged to the State. It would seem that two questions are presented by these bills. First, should the court have stopped the proceedings until the jurors could have been brought in? Second, was the court correct in sustaining the State in its peremptory challenge to all the absent jurors? Without going into the details in regard to the absent jurors, as to their distance from the courthouse and the probability of securing their presence within reasonable time, or as to how long it may have delayed the proceedings in securing a jury, we would remark that there is no injury shown on this phase. The court, under such circumstances, should issue attachment for absent jurors, but can proceed with the call of the venire, if waiting for absent jurors should produce unnecessary delay in the trial. The statute expressly so provides. This phase of the question might be rested here as correct. But, to the other question: If the court was right in sustaining the State's challenges to the absent jurors, it could

not have availed defendant to have them present or to issue attachments for them. This question was before the court in Dodd's case, 44 Texas Crim. Rep., 480, and similar action in that case by the trial judge to the action of the judge in this case was held not erroneous. The only difference being that this is a capital case, in which a special venire was used, while Dodd's case was a non-capital felony. Here, there were eight jurors peremptorily challenged while absent, while in Dodd's case, only one juror was so challenged. If the jurors had been present, and the State had challenged them peremptorily, it would have prevented appellant using any of them, and being challenged peremptorily it was useless to send for them or to consume the time of the court waiting for them to be brought in, when defendant could not have possibly used them. The State had the legal right to excuse fifteen jurors peremptorily. At the time the eight were challenged, the district attorney had only used one of his peremptory challenges. We see no reversible error in this matter. Osborne's case, 23 Texas Crim. App., 431, does not apply here." This case has been expressly approved by this court in Rice v. State, 54 Texas Crim. Rep., 149, and Ferris, etc., v. Hawkins, 53 Texas Civ. App., 578. The motion for rehearing is overruled.

*Overruled.*