### Peter Smith v. The State.

#### No. 3723.  Decided November 17, 1915.

**1.—Rape—Special Venire—Waiver—Practice.**

Where, upon trial of rape, the State announced ready for trial, and the defendant then made a written motion for a special venire which was not supported, however, by affidavit, whereupon the State, with the approval of the judge, waived capital punishment, and the defendant thereupon announced ready for trial, and a jury was selected from the regular panel, the contention of defendant that he was entitled to a special venire, as a matter of right, is untenable, as he practically waived the same. Davidson, Judge, dissenting.

**2.—Same—Special Venire—Rule Stated—Waiver—Directory Statutes.**

Our statute regulating special venire, the formation of juries in capital, and all other cases, are merely directory, and not mandatory, and defendant may waive any rights secured to him by law, except that of trial by jury in a felony case. Following Farrar v. State, 44 Texas Crim. Rep., 236, and other cases. Davidson, Judge, dissenting.

**3.—Same—Practice in District Court—Special Venire Not Matter of Right.**

It is the better practice that application, when a special venire is desired, be made therefor prior to the day the cause is set for trial, and in sufficient time to allow it to be drawn and summoned. A special venire is not a matter

of right in a capital case, but may be obtained only under the conditions named in the statute. Davidson, Judge, dissenting.

**4.—Same—Indeterminate Sentence Law—Practice on Appeal.**

Where, upon trial of rape, the verdict assessed the penalty at ten years in the penitentiary, the judgment should have been in conformity with the indeterminate sentence law, and the same is so reformed.

Appeal from the District Court of Houston. Tried below before the Hon. John S. Prince.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of rape and his punishment assessed at ten years in the penitentiary.

The sole question herein is whether the action of the court in denying appellant's motion for a special venire, under the circumstances of this case, presents reversible error.

The statute (art. 656, C. C. P.) authorizes the prosecuting attorney in a capital case, on motion either written or oral, to obtain an order for a special venire. Article 657 is: "The defendant in a capital case may also obtain an order for a special venire at any time after his arrest upon an indictment found, upon a motion in writing, supported by the affidavit of himself or counsel, stating that he expects to be ready for the trial of his case at the present term of the court."

Appellant's only bill of exceptions shows, in substance and effect, that when the case was called for trial the State announced ready. That before he announced ready he made a motion stating that he was charged with rape and under the law entitled to a special venire from which to select a jury. He thereupon moved and prayed the court that such venire be selected and summoned and he be furnished a list in order that he may be tried as provided by law. This motion was in no way sworn to as the statute above quoted requires, either by himself or his attorney. The State objects to this motion, and claims it is wholly insufficient because it is not sworn to. However, it seems that upon consideration of it, it was agreed between the district attorney and the trial judge that the State would waive capital punishment and agreed that the court might submit to the jury as punishment, in the event he was found guilty, confinement for life or any term not less than five years, and would not submit to the jury, or authorize them to inflict the death penalty. The court so charged. We think it reasonably certain from the bill and record that this, while not expressly shown to have been agreed to by appellant, was in effect agreed to by him and the trial proceeded, for he, thereupon, announced ready, a jury was selected from the panel of the week which in no way was then or

now complained of by him. The court's charge as to the penalty stated to which there was then and is now no objection whatever by him.

It is the settled law of this State, so held in a great many and a long line of decisions, that our statute regulating special venires, the forma-·tion of juries in capital and all other cases, are merely directory and not mandatory. Murray v. State, 21 Texas Crim. App., 466; Hudson v. State, 28 Texas Crim. App., 323; Roberts v. State, 30 Texas Crim. App., 291; Jackson v. State, 30 Texas Crim. App., 664; Bizzell v. State, 72 Texas Crim. Rep., 442, and cases therein cited. The statute (art. 22, C. C. P.) expressly provides that the defendant in a criminal prosecution for any offense may waive any right secured to him by law, . except the right of trial by jury in a felony case. He can waive a special venire. Hamilton v. State, 3 Texas Crim. App., 643; Farrar v. State, 44 Texas Crim. Rep., 236.

We think it clear that by the appellant's action herein he waived his right to a special venire and that he and the State, and the court acted upon this at the time. As stated, he did not even make a motion for a special venire until after the case was called for trial and the State had announced ready. He doubtless acted upon the judge's and the district attorney's agreement that the jury should not be authorized to inflict the death penalty. If he had resisted this agreement and objected to being tried by. the regular jury and persisted in his insistence for a special venire, a different question would be presented, but he did nothing of the kind, as shown above. As presented, no reversible error is shown. The sentence herein is for ten years imprisonment. It should have been in conformity with our indeterminate sentence statute. The clerk of this court will enter the proper judgment of sentence. As thus reformed, the judgment will be affirmed.

*Affirmed.*

HARPER, Judge (concurring).—In concurring in the opinion affirming this case, I wish to call attention to articles 656 and 657 of the Code of Criminal Procedure. Article 656 reads: "When there is pending in the District Court a criminal action for a capital offense, the district or county attorney may, at any time after indictment found, on motion either written or oral, obtain an order for a special venire to be issued in such case." Article 657 provides, where the State has not applied for a special venire, the defendant may apply, and reads: "The defendant in a capital case may also obtain an order for a special venire at any time after his arrest upon indictment found, upon motion in writing, supported by the affidavit of himself or counsel, stating that he expects to be ready for trial of his case at the present term of the court."

In this case the State made no application for a special venire. The defendant made none until the case was called for trial. He then filed an application which was not sworn to by anyone, and neither he nor his attorney did file an affidavit in connection with the application that the defendant expected to be ready for trial.

A special venire is not a matter of right in a capital case, but may be obtained only under the conditions named in the statute, and those conditions the defendant did not comply with in making his application. It is the better practice that application, when a special venire is desired, be made, therefore, prior to the day the cause is set for trial, and in sufficient time to allow it to be drawn and summoned. Where one waits to make application until the case is called for trial, and the State has announced ready for trial, it seems to be but an effort to postpone or continue the case after all the witnesses have been to the trouble and expense of attending court, and should not and will not be favored, and the court did not err in overruling the application in this instance, for the application did not comply with the provisions of the law. The writer is of the opinion, also, it came too late, unless some reason is shown why it was not filed in time to permit a special venire to be summoned.

DAVIDSON, JUDGE (dissenting).—When this case was called for trial the State announced ready. Appellant did not, but filed or made a motion demanding a special venire, the case being rape, which is a capital offense. This being the case and the law, he was entitled to a special venire from which to select a jury. One objection by the State to having a special venire seems to be found in the fact that appellant did not file an affidavit previous to the calling of the case asking for a special venire, and this error of the court was sought to be condoned by the judge and district attorney entering into an agreement that they would waive the death penalty in the case for appellant, thus rendering a special venire unnecessary. The defendant was not consulted in regard to the agreement, nor were his wishes taken into account in regard to it. By this action on the part of the court and the district attorney they recognized that appellant was clearly entitled to the special venire, and to avoid this they made this agreement to waive him out of his legal rights in this matter by not submitting the death penalty as part of the punishment. They did submit, however, life imprisonment. This was their view of the matter. These questions have been definitely determined against the trial court and the opinion in the instant case as rendered by the majority of this court. Burries v. State, 36 Texas Crim. Rep., 13; Farrar v. State, 44 Texas Crim. Rep., 236. The fact that those cases are in the way of affirmance, and required reversal, ought not to justify this court to ignore them, or overrule without alluding to them.

· The statute provides the accused may demand, as the State may, a special venire. The defendant if he believes or is willing to make the affidavit to the effect he will be ready to try his case, may under such circumstances make such oath to secure a special venire. The statute so provides, but it· does not deprive him of a special venire if he does not make such oath. He may not be ready or he may believe that he will not be ready. To acquire him to make that oath when he believes his case can not be ready for trial, might subject him to a

charge of swearing falsely. But that does not deprive him of the right of trial by jury as provided by statute, towit: special venire. He is entitled to have such venire summoned upon his call for it, and out of it make a selection of the jury to try him for his life. Burries v. State, 36 Texas Crim. Rep., 13; Farrar v. State, 44 Texas Crim. Rep., 236. The Farrar case is cited by my brethren as authority for the waiver on the part of appellant in this case of the special venire. How that can be I do not understand from reading the Farrar case. The defendant here did not waive his right to a special venire, but expressly demanded it. In the Farrar case the facts show that the defendant did not call for a special venire until after the overruling of his motion for a continuance. In that case the court held that was not tantamount to a waiver of his right to a special venire. That was the only question in the Farrar case decided by the court. In that case, as in this, the defendant in a capital case was forced to trial before the regular jury for the week. Appellant reserved a bill of exceptions to the refusal of the court in the Farrar case, as appellant did in this case, to accord him a special venire. The court qualifies the bill of exceptions in the Farrar case as follows: "The request for special venire was not made until after the motion of defendant for continuance had been overruled and the jury called into the box." Quoting from that opinion, it is said: "It will be seen from this that the court based his refusal to allow appellant a special venire on the fact that his request was not made until after the motion of defendant for continuance had been overruled and the jury called into the box. This was a capital case, as the indictment charged the robbery to have been committed with firearms (see Ex parte Epps, 35 Texas Crim. Rep., 406), and, therefore, appellant was entitled to a special venire unless he waived it. This he did not do, unless it be conceded that his failure to call for special venire prior to the overruling of the motion for continuance was a waiver. In Houillion v. State, 3 Texas Crim. App., 537, it is said: 'If appellant remains silent as to a service of the special venire, and when called upon pleads to the indictment, and suffers the trial to proceed without objection, taking the chance of being acquitted by the jury, he will be presumed to have waived his right to a service of a copy of the same as provided by law.' Articles 643 and 644 of the Code of Criminal Procedure regulate the procedure with reference to the obtention of a special venire, the first authorizing an application by the State, and the last article authorizing an application on the part of the defendant. In Hall's case, 28 Texas Crim. App., 146, it appears that an order for special venire was made by the court on appellant's verbal motion without affidavit. So it would seem that the form of the motion is not regarded as essential. However that may be, it occurs to us that the fair interpretation of articles 642-681, Code of Criminal Procedure, is intended to provide the character of venire from which a jury in a capital case is to be selected, and that the obligation is cast upon the State in the first instance to ask for this special venire. The machinery for the trial of a capital case is

provided by law, and it is the duty of the court primarily to see that the proper tribunal is selected. We hold, if the State has not acted in the matter of securing a special venire, and if the court has not taken the steps to provide for this tribunal, it is appellant's right to object to being tried by any other than a special venire at any time prior to his agreeing to be tried by the regular jury. Of course, if he raises no objection, and no special venire has been summoned, and the regular jury for the week is called into the box, and he proceeds to the selection of jurors from this panel, he may be regarded as having waived his right to a special venire. But here, as we understand it, when he was first confronted with the jury, after his motion for continuance was overruled,—that is, when the jury for the week was called into the box,—he objected to being tried by that body, and insisted on a special venire. We hold that his objection was in time, and that there was no waiver of his right to a special venire. See this question discussed in Burries v. State, 36 Texas Crim. Rep., 13. 'The law guarantees to persons charged with capital offenses the character of tribunal authorized and appointed by law to try them,' and because he was refused such a tribunal by the action of the court the judgment is reversed and the cause remanded." That opinion was written by Judge Henderson. The statutes were then as they are now on this question, and with such construction were re-enacted by the Legislature. I have quoted from that opinion, which cites the Houillion case, because the majority opinion relied upon those two cases as their authority for the holding, that defendant in the instant case waived his right. I do not understand how such a conclusion could possibly have been reached from those cases. Judge Henderson also wrote the Burries case, 36 Texas Crim. Rep., 13. The syllabus in that case says: "Robbery committed by the use or exhibition of a firearm or other deadly weapon, being a capital felony, a party prosecuted therefor is entitled to a special venire and to one day's service of a copy of such special venire prior to his trial, unless he has waived (if he can do so) his right to such special venire; and it is no answer or excuse that neither the State, or the defendant called for such special venire or failed to have one summoned for the trial or that to summon one and serve defendant with a copy thereof would operate a continuance of the case." Quoting from that opinion: "If it was competent for him to waive a trial by special venire, it does not appear that he did so in this case. On the contrary, he *claimed his right to a day's service of the list of special veniremen summoned for his trial. It did not excuse the State, because neither the State nor the appellant called for a special venire, or failed to have such special venire summoned for the trial, because the law makes that an essential part of the machinery by which one accused of a capital offense is to be tried. Nor was it any excuse that if the venire had been summoned, and the list served one day in advance of the trial, it would have operated a continuance of the cause.* (Italics mine.) The law guarantees to persons to be tried for offenses the character of tribunal authorized and appointed by law to try them;

and, because such a tribunal was not used, it is no answer to say that sufficient time was not left during the term to try the party after the manner and by the character of jury authorized by the law." I do not understand how language could be plainer or clearer. The majority opinion cites the Farrar case as sustaining their proposition, that defendant waived his right. I cite the Farrar case and Burries case specially to show the holding of my associates is in opposition and contrary to all previous authorities on that particular question, and particularly directly in the face of and contrary to the cases they cite. It may be that the defendant could, as Judge Henderson writes, waive the special venire by accepting the jury for the week and go through the trial without objection to that procedure, or calling for special venire, but the record in the instant case eliminates all such questions, for as soon as his case was called for trial he demanded the special venire. This he was refused by the district attorney and the court entering into a solemn agreement to waive him out of his right of trial by a special venire. They made good their agreement over opposition of appellant by reason of judicial power, and now it is solemnly asserted that appellant did the waiving. This is not right, and ought not to be. I do not understand that it can be correctly held that a district judge and district attorney, either singularly or jointly, can waive defendant's rights. Even in misdemeanors the defendant only can waive a jury; the State can not, nor can the court. His own counsel can not do that with reference to trial by jury, and the statute itself provides that even he can not do it. Collins v. State, 47 Texas Crim. Rep., 303. The statute says he may waive any right accorded him except trial by jury. The Constitution says: "The right of trial by jury shall remain inviolate." Art. 1, sec. 15; C. C. P., art. 22. The Burries and Farrar cases ought not to be ignored or used in a way not to sustain a proposition they expressly decide the other way. The judgment ought to be reversed and the cause remanded. So believing I can not agree with my brethren in their affirmance. I see no use in having law unless it is obeyed, and especially when the accused is insisting upon his legal rights based on that law. Our laws are made to insure the defendant a fair trial, and not to be disregarded and overturned to prevent such trial.