### LYDIA WETSELL v. JOSEPHINE HOPKINS ET AL.

#### Decided April 9, 1902.

**1.—Nonsuit—Dismissal—Conterclaim—Affirmative Relief.**

The statutory articles to the effect that a nonsuit by the plaintiff shall not prejudice the right of the defendant to be heard on his counterclaim seeking affirmative relief will not prevent a dismissal of the action upon a nonsuit taken by the plaintiff where the matters pleaded by the defendant are purely defensive and such as would not support an affirmative action. Rev. Stats., arts. 1260, 1301.

**2.—Same—Fact Case.**

Where defendant's answer in an action for the recovery of land alleges that she purchased it in good faith and for value, without any knowledge that her grantor had procured his deed from plaintiff by fraud, and praying that she be held to have title free from all claims and clouds thereon, this claimed only such relief as could be obtained under the general issue, and would not preclude a dismissal of the suit on nonsuit taken by the plaintiff.

Appeal from Bexar. Tried below before Hon. John H. Clark.

*Tarleton & Bass,* for appellant.

*Geo. C. Altgelt,* for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellee Josephine Hopkins against H. T. Hopkins, W. H. Simms, Lydia Wetsell, Emma Anderson, and Marie Moehring to recover certain land in the city of San Antonio. She alleged that the land was her separate estate, and a deed to it had been procured by the fraud of H. T. Hopkins and her husband, James Hopkins.

After answers had been filed by H. T. Hopkins and appellant, Josephine Hopkins declined to further prosecute the suit, and a nonsuit was allowed, to which appellant excepted and has prosecuted this appeal.

The following agreement appears in the record:

"In the above entitled cause it is agreed that upon the trial of this cause, defendant, Lydia Wetsell, proved as a fact that she purchased the property in controversy from H. T. Hopkins and Josephine Hopkins, his wife, for a valuable and adequate consideration, without notice of any fraud on the part of her vendors, substantially as alleged by her. It is further agreed that defendant Wetsell proved all the special allega-

tions of her answer. It is further agreed that this stipulation shall take the place of a statement of facts; the only issue of law being whether or not plaintiff was entitled to take a nonsuit as against the pleadings and proof of said defendant, and whether or not said defendant, Wetsell, was entitled to affirmative relief as against plaintiff quieting her title."

Appellant's answer consisted of a general demurrer, general denial, and a special answer as follows:

"That plaintiff is estopped from enforcing the suit alleged against defendant, because on or about the 7th day of December, 1899, said Josephine Hopkins, then a married woman, and having full capacity to execute conveyance of land described in the petition, joined by James Hopkins, her husband, did in the manner provided by law, on a good and valuable consideration therein set out, execute in writing and duly acknowledge the same in the manner and form provided by statute in conveyances of real estate of married women, and did deliver to Hop T. Hopkins a conveyance and warranty deed conveying in fee simple title to Hop T. Hopkins, Jr., the identical and same property described and set out in said petition; and thereafter on the 8th day of December, 1899, at 11:45 o'clock a. m., the said warranty deed in which James Hopkins, the husband of said Josephine Hopkins, had joined in executing, was duly filed for record with the clerk of the County Court of said Bexar County and thereafter was duly recorded on the 15th day of December, 1899, at 9:15 o'clock a. m., in the deed records of said Bexar County, in volume 185, page 86.

"That thereafter and on the 17th day of February, 1900, the said Hop T. Hopkins and Alice L. Hopkins, his wife, by warranty deed upon a full and valuable consideration by this defendant, Lydia Wetsell, paid to said Hop T. Hopkins, Jr., and Alice L. Hopkins, his wife, did not convey in fee simple title the identical and same property described in plaintiff's petition.

"This defendant, further answering, says that she had no knowledge or information of the matters and things charged in said petition nor of any fact whatever putting her upon inquiry thereabout. But by reason of said deed so executed by plaintiff Josephine Hopkins and James Hopkins, her husband, to Hop T. Hopkins, Jr., and the long silence and time intervening since the execution and registration of said deed until the execution and delivery of the deed by Hop T. Hopkins, Jr., and his wife Alice L. Hopkins to this defendant without any complaint being made by plaintiff, and being thereby induced to believe in the genuineness and validity of said deed of plaintiff and husband to said Hop T. Hopkins, and relying upon the same, this defendant paid in cash the said sum of fifteen hundred dollars aforesaid to said Hop T. Hopkins, Jr.

"This defendant further says that she had no information of any kind whatever or any knowledge of the wrongs and injuries complained of by plaintiff or any unfairness connected with or growing out of the

conveyance of said property by plaintiff until the original petition in this case was filed on September 12, 1901.

"This defendant further says that said Hop T. Hopkins, Jr., and the said Alice L. Hopkins are notoriously insolvent, and defendant has no remedy by reason of said insolvency against said Hop T. Hopkins, Jr. Wherefore defendant says that plaintiff Josephine Hopkins is estopped from asserting her title to said property by reason of her deed and conduct as aforesaid, and of this defendant prays judgment of the court.

"And further answering herein, this defendant alleges that without any knowledge whatever of the facts and things complained of in plaintiff's petition and wholly innocent of same, this defendant purchased said property from Hop T. Hopkins, Jr., and wife, Alice L. Hopkins, and received warranty deed therefor on 17th day of February, 1900, which was duly filed for record in records of Bexar County, Texas, on the 17th day of February, 1900, at 6:35 o'clock p. m., and duly recorded on the 2d day of March, 1900, at 8:45 o'clock a. m., in the deed records of said county, in volume 185, page 441.

"Wherefore defendant alleges said plaintiff should take nothing by her suit against this defendant, and prays that defendant go hence without cost, and that the title to said land described in petition in this defendant be held free from all claims and clouds thereon, and for general relief legal and equitable."

It is provided in article 1301, Revised Statutes, that "at any time before the jury have retired the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief; when the case is tried by the judge such nonsuit may be taken at any time before the decision is announced."

Again in article 1260 it is provided: "Where the defendant has filed a counterclaim seeking affirmative relief, the plaintiff shall not be permitted, by a discontinuance of her suit, to prejudice the right of the defendant to be heard on such counterclaim."

Construing the foregoing articles it was said by the Supreme Court in Hoodless v. Winter, 80 Texas, 638: "Obviously the defendant only seeks such affirmative relief when by his own pleadings he prays for some specific recovery that can not be given him under pleadings that are strictly defensive and that serve only to compel the plaintiff to prove his own cause of action. The defendant must not only pray for affirmative relief, but he must state facts showing that he has a cause of action. If the defendant is doing no more than resisting the plaintiff's recovery, the statutes recognize the right of the plaintiff for his own protection to dismiss the suit." The opinion enunciates the scope and intent of the statute although it appears to be limited, if not questioned, in the case of Short v. Hepburn, 89 Texas, 622.

In the last case cited, while the rule is not clearly announced, we understand from it that a party can ask for affirmative relief on matter that could be reached in trespass to try title by a plea of not guilty, but in

order to do so the matter must be pleaded offensively and not defensively.

The pleadings in this case are not such as would entitle appellant to relief whether the view taken of the law in the Hoodless-Winter case or that in the Short-Hepburn case be the correct one, if there be any difference in the views. The same relief could have been obtained under a plea of not guilty, and the pleading is clearly a defensive and not an offensive one.

The test to be applied is, do the allegations constitute such a petition for the removal of cloud from the title as would support an affirmative action? There is no attempt to set up the necessary facts that should be pleaded in order to obtain relief in the equitable proceeding to remove cloud from title. Hoodless v. Winter, supra.

The judgment is affirmed.

*Affirmed.*