Ferris Press Brick Company v. F. L. Hawkins, District Judge.

Decided February 6, 1909.

**1.—Mandamus—Statement of Facts—District Judge.**

When, under the facts, the trial judge should approve the statement of facts tendered him by counsel for the appellant, or should prepare one himself and cause it to be filed, and he refuses or fails to do either, the remedy is to apply to the Appellate Court for a writ of mandamus compelling the trial judge to act in the matter.

**2.—Statement of Facts—Preparation by Trial Judge.**

Where the time for filing a statement of acts expired at midnight, and the statement required by law to be prepared by appellant was not presented to the trial judge until the afternoon of the preceding day, there rested no legal duty upon the judge, who had not been notified that counsel had positively failed to agree, to prepare the statement himself and cause it to be filed.

**3.—Same—Approval by Trial Judge.**

Where the statement of facts presented to the district judge by the appellant was regarded by the former as fair and correct, but he refused to approve and cause same to be filed because he regarded the provision of the statute relating to the time within which a statement should be prepared and presented to opposing counsel and the trial judge, to be mandatory, such refusal was error. He should have approved and caused the statement of facts to be filed, notwithstanding negligence of the appellant in not sooner presenting it to the judge and counsel and the refusal of opposing counsel to agree to it.

**4.—Same—Time for Presenting to Opposing Counsel—Statute.**

The provision of the statute relating to the time within which a statement of facts should be prepared and presented to opposing counsel and the trial judge by an appellant, is only directory. Acts 30th Leg., p. 512, sec. 14.

**5.—Statutes—Directory Provisions—Construction of Statutes.**

When the particular provision of a statute relates to some immaterial matter, when compliance is a matter of convenience rather than of substance, or when the directions of the statute are given with a view to the proper, orderly and prompt conduct of business merely, the provision may generally be regarded as directory.

Original proceeding for mandamus.

*G. C. Groce,* for relator.

*W. M. Tidwell* and *Farrar & McRae,* for respondent.

TALBOT, Associate Justice.—This is an original proceeding in this court by the relator, Ferris Press Brick Company, for a peremptory writ of mandamus to compel Hon. F. L. Hawkins, Judge of the Fortieth Judicial District of Texas, to approve and certify a statement of facts tendered him by relator, or to make, sign and file a statement of facts in the case of L. C. Thompson et al. v. Ferris

Press Brick Company, lately pending in the District Court of Ellis County. Upon the presentation of relator's petition the clerk of this court was directed to issue notice to the respondent, Judge Hawkins, to appear January 22, 1909, and show cause why the writ should. not issue. Respondent filed an answer to relator's petition, and on said 22d day of January, 1909, a hearing was had and the matter involved submitted for our adjudication. So far as is necessary to state, it was alleged and shown that at the September term, 1908, of the District Court of said Ellis County, there was pending on the civil docket of said court a cause No. 7388, styled L. C. Thompson et al. v. Ferris Press Brick Company, wherein L. C. Thompson and her three minor children as plaintiffs, said minors suing by their said mother as next friend, sought to recover of plaintiff herein, defendant in said suit, damages for the death of J. W. Thompson, husband of said L. C. Thompson and father of said minor plaintiffs, it being alleged and claimed that said J. W. Thompson was, at the time of receiving injuries which resulted in his death, an employe of plaintiff, and that the injuries which caused his death resulted from certain alleged acts and omissions of plaintiff which were charged to have been negligence as to said J. W. Thompson. A trial was had in said cause at said September term, 1908, of said District Court of Ellis County, which, on, to wit: the 28th day of November, 1908, resulted in a judgment for plaintiffs for $5,000, apportioned $2,000 to said L. C. Thompson, and $1,000 to each of the minor children. A motion for a new trial was filed in said cause, which was not acted. upon until November 28, 1908, which it was by the court overruled, and notice of appeal was given to this court, and thirty days after the adjournment of that term of said District Court was allowed the parties within which to make up and file a statement of facts in said cause, and the appeal was duly perfected by filing the necessary bond. Said Fortieth Judicial District is one in which there is an official stenographer who acted on the trial of said cause No. 7388, and within a few days after the judgment in said cause and some time before the motion for a new trial was acted on, counsel for plaintiff herein requested said stenographer to make out and furnish as soon as he reasonably could a transcript of his notes of the testimony in said cause in question and answer form, which said stenographer promised to do, and on several occasions afterwards during the term of said District Court like requests were made by said attorney of said stenographer, who on each occasion assured him that the requested transcript would be seasonably furnished. Counsel requested of the stenographer a question and answer transcript with the view of preparing a statement of facts himself and reducing the material evidence in the case to the smallest proper compass. The term of the District Court of Ellis County, Texas, at which said cause was tried, finally adjourned on December 5, 1908, and up to that time no transcript of the evidence in said cause had been furnished by the stenographer to counsel for this plaintiff and said transcript was not completely furnished said counsel until about the 19th day of December, 1908, and about the 21st of December counsel began the preparation of statement of facts in said cause. On December 29,

1908, counsel for the plaintiff herein delivered to one of the counsel for the plaintiffs in said cause No. 7388, an installment of nineteen pages of the statement of facts being prepared by him. On the 30th day of December, 1908, another installment of the statement of facts was delivered to counsel for the plaintiffs in said cause No. 7388, and the third and last installment on January 1, 1909, the whole covering thirty-seven pages of type written matter. When the last installment of the statement of facts prepared by counsel for the plaintiff herein was tendered, for the first time it was suggested that such statement of facts had not been furnished within fifteen days from the adjournment of court. Because of this intimation, counsel for this plaintiff on January 1, 1909, furnished the Hon. F. L. Hawkins, Judge of the Fortieth Judicial District of Texas, a duplicate of the statement of facts which he had prepared and which was then in the hands of opposing counsel and explained the situation to said judge and that it was possible that opposing counsel would refuse to reach an agreement, and he was requested to read said statement in full in order to familiarize himself therewith and to determine whether it was a fair statement of facts with a view to his action in certifying a statement in case of disagreement.

After such duplicate was furnished the judge, counsel representing the plaintiffs in cause No. 7388 also undertook to prepare and have ready to submit to the judge before the time for filing the same expired, a statement of facts, and while so engaged and about 2 o'clock p. m., January 3, 1909, counsel for the defendant in said cause No. 7388, and for the plaintiffs in this proceeding, called upon him and asked if he thought there was any probability that he would have his statement of facts prepared to submit to the district judge within the time limit for filing a statement of facts, which limit expired at midnight on January 4, 1909. To this counsel for the plaintiffs in cause No. 7388 replied that he did not know, that he was doing the best he could, and counsel for said defendant, thinking that counsel for the plaintiff was progressing so slowly in the preparation of his statement of facts, demanded to know whether or not it was the intention of counsel for the plaintiffs to agree or attempt to agree to the statement of facts prepared by him. Whereupon counsel for the plaintiffs in cause No. 7388 wrote, signed and handed to counsel for said defendant in said cause the following:

"This statement was first presented to counsel for plaintiff by counsel for defendant as follows: Pages 1 to 19 inclusive on December 29, 1908, pages 20 to 27 inclusive, on December 30, 1908, and remainder from pages 28 to 37 inclusive, on January 1, 1909, which after careful examination by counsel for plaintiff we can not agree to same as being a full and correct statement of the facts adduced on trial. This January 3, 1909, at 2:00 o'clock p. m. W. M. Tidwell, Atty. for plaintiffs."

When the above instrument was handed counsel for the plaintiff herein, he proceeded to the home of respondent, Hon. F. L. Hawkins, and after having acquainted him with what had occurred between counsel with reference to the statement of facts, tendered respondent his statement, together with the stenographer's report, and so much

of the statement as counsel for the defendant had prepared, and requested that he approve such statement or make and file one himself. After consultation respondent made and appended to the draft of statement of facts so tendered him his memoranda in writing as follows: "The foregoing statement of facts was handed me by counsel for defendant on January 1, 1909, with a request that I examine same, stating at the same time that a carbon copy was in the hands of opposing counsel. On January 2 the same was returned to him, I understanding at that time that counsel on both sides would get together on this date, the 3d inst., to make an effort to agree upon the same. The foregoing statement of facts with the memoranda of counsel on both sides was handed me at 3:30 p. m. on this, the 3d day of January. No statement of facts having been furnished me by counsel for plaintiff, and in view of the statement appended that they could not agree to the foregoing one, I can not approve it as a statement of facts in the case, but having read it and having tried the case it appears to me to be a fair statement of the facts proved upon the trial, although I have not examined same in connection and in comparison with the stenographic notes, and I order the district clerk to file the same with attached statement of counsel in order that the Court of Civil Appeals may pass upon the questions suggested. The stenographic report of the case (in question and answer form from which the foregoing statement was made) being in the hands of counsel for defendant, and he having expressed his willingness for it also to be filed, I therefore order the same to be filed by the clerk, together with the photographs and all other matters called for, and that they all be transmitted with the transcript upon appeal. This the 3d day of January, 1909. (Signed) F. L. Hawkins, Judge Fortieth Judicial District."

Counsel for this plaintiff understood the position of Hon. F. L. Hawkins to be, and his construction of the Act of the Thirtieth Legislature in respect to stenographers and statements of facts to be, that if a statement had not been furnished within fifteen days by an appellant that a judge had no right to make a statement over the objections of the other party, whether such objections are well founded or not and whether or not a true and correct statement of facts was tendered by the appealing party within the time limit, and said judge declined to do more than to make and append to the statement tendered him the statement and certificate above quoted and the other papers mentioned therein.

Respondent in his answer filed states, in substance, that he told counsel for the plaintiff herein when the statement of facts was tendered him for approval, that from memory such statement seemed to be a fair statement of the facts, but that in view of objections urged by counsel on the other side, and the fact that said statement had not been furnished opposing counsel within fifteen days from adjournment of the term of court at which cause No. 7388 had been tried, and that opposing counsel had not furnished him with any statement, giving as their reason that they had not had time to prepare it, he did not believe that under the provisions of the Act of the Thirtieth Legislature in respect to the preparation and filing

of statements of facts he had authority to approve the statement of facts tendered nor authority to prepare one in lieu thereof.

It is well settled by the decisions of this State that if the respondent, under the facts, should have approved the statement of facts tendered him by counsel for the plaintiff herein, or should have prepared a statement of facts himself and caused the same to be filed in said cause No. 7388, then, as he failed or refused to do either, the defendant's remedy was to apply to this court for the writ of mandamus compelling respondent to act in the matter. (Reagan v. Copeland, 78 Texas, 556; Trinity & S. Ry. Co. v. Lane, 79 Texas, 648; Osborne v. Prather, 83 Texas, 211; Middlehurst v. Collins-Gunther Co., 100 Texas, 349.) That because of the failure of relator to sooner present a statement of facts to be filed in said cause, there rested no legal duty upon respondent to prepare such statement himself and cause it to be filed, we have no doubt. As shown, the time for filing the statement of facts expired at midnight on January 4, 1909, and respondent was not notified that counsel had positively failed to agree upon a statement, and the statement required by law to be prepared by relator was not delivered to respondent until about the middle of the afternoon of January 3, 1909. It was then entirely too late for respondent to prepare a statement of facts and get it filed within the time prescribed by law. But, notwithstanding the negligence of relator in not sooner presenting a statement of facts to respondent, and the fact that opposing counsel had refused to agree to the one that was presented, we think respondent should have marked the one that was delivered to him "approved" and ordered it filed. That respondent regarded such statement as a correct and a fair statement of the facts proven on the trial of the case in which it was sought to be filed, seems clear from the memoranda appended by him to such statement of facts and the reasons orally given why it was not approved. This memoranda recites, "No statement of facts having been furnished me by counsel for plaintiff, and in view of the statement appended that they could not agree to the foregoing one, I can not approve it as a statement of facts in the case, but having read it and having tried the case, it appears to me to be a fair statement of the facts proved upon the trial, although I have not examined same in connection and in comparison with the stenographic notes." In addition to this respondent says in his answer filed herein that he told "Mr. Groce that, from memory, his statement seemed to be a fair statement of the facts, but that in view of the objections urged by counsel on the other side to the effect that it had not been furnished them within fifteen days, as required by the provisions of the Act of the Thirtieth Legislature in respect to stenographer's report and statements of facts, I did not believe I had authority to approve it when it was not agreed to, nor authority to prepare one in lieu of it." It is evident, we think, from the foregoing that the learned judge was of the opinion the statement of facts tendered was fair, and that he did not, as a matter of fact, decline to approve it because he was doubtful of its correctness or accuracy, but that he did so because he construed that provision of the Act of the Thirtieth Legislature relating to the time within

which a statement of facts should be prepared and presented to opposing counsel and the trial judge by an appellant, to be mandatory. With this construction we do not agree. The provisions of the statute in question relate to matters of procedure, and are, in our opinion, only directory. In this view we are supported by the recent decision of the Court of Criminal Appeals of this State in the case of Howard v. State, 53 Texas Crim. Rep., 378, and other decisions of that court. After stating the substance of sec. 11 of the Act of the Thirtieth Legislature relating to the preparation of a statement of facts and the presentation of same to opposing counsel, etc., Judge Ramsey, speaking for the court in the case cited, says: "These provisions, with reference to time, we think merely directory and intended to serve as only a regulation in the preparation of statements of facts. In other words, we have no doubt that if an appellant tendered his statement of facts within twenty days or within twenty-seven days after the adjournment (of court) and it was approved by the court, either on agreement or without agreement by State's counsel, we would and should recognize and treat it as a statement of facts properly filed and approved." Again, in the case of Murray v. State, 21 Texas Crim. App., 477, the following excerpts are quoted with approval from Mr. Cooley's work on Constitutional Limitations: "It has long been settled that particular provisions may be regarded as directory merely; by which is meant that they are to be considered as giving directions which ought to be followed, but not so limiting the power in respect to which the directions are given that it can not be effectually exercised without observing them. That those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in time or the precise mode indicated, it may still be sufficient if that which is done accomplishes the substantial purpose of the statute." Cooley's Constitutional Limitations, (4th ed.), pp. 89–93. In the case of Hurford v. City of Omaha, 4 Neb., 336, the court used the following language: "When the particular provision of the statute relates to some immaterial matter, when compliance is a matter of convenience rather than of substance, or where the directions of the statute are given with a view to the proper, orderly and prompt conduct of business merely, the provision may generally be regarded as directory." Many other authorities to the same purport as those mentioned might be cited, but we deem it unnecessary to do so. That those cited are in accord with the general rules of statutory construction is attested, we think, by the "overwhelming preponderance of judicial authority." The Act under consideration does not provide that a failure to observe its directions with regard to the time a statement of facts shall be presented by counsel representing the appellant to opposing counsel and the judge who presided at the trial of the case to which it relates, shall forfeit any right; nor is its phraseology such that the designation of the time within which such presentation shall be made, must be con-

sidered as a limitation of the power of such judge in approving and directing the statement to be filed. The provisions of said Act, however, do lay down excellent rules of procedure, and we think they should be observed, but as they do not relate to "the essence of the thing to be done," they ought to be regarded as directory, and a valuable right should not be lost by a failure to follow them.

It follows that relator is entitled to the writ of mandamus requiring respondent to approve and order filed the statement of facts tendered by its counsel, and it is therefore ordered that such writ issue. We take occasion, however, to say in closing this opinion, that we find nothing in the facts before us indicating that the course pursued by counsel for defendants in cause No. 7388, and of the respondent, was prompted by any other motive than an honest purpose and desire by the one to faithfully and properly represent the interest of his clients, and by the other to discharge an official duty believed to be imposed by the statute herein construed.

The clerk of this Court will issue the writ as above indicated.

*Mandamus awarded.*