## BOWIE COUNTY v. FARMERS' GUARANTY STATE BANK OF NEW BOSTON.

### (No. 3276.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 26, 1926. Rehearing Denied Dec. 23, 1926.)

1. **Depositaries** ⬅6—**Commissioners' court cannot select depository, where certified check did not accompany bid of depositary (Vernon's Sayles' Ann. Civ. St. 1914, art. 2441).**

Commissioners' court *held* without authority to select depository for county funds, where bid was not accompanied by certified check as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2441.

2. **Depositaries** ⬅7—**Bank held not liable for failure to give bond as county depositary, where selection was not lawful (Vernon's Sayles' Ann. Civ. St. 1914, arts. 2441, 2443).**

Where bank was not lawfully selected as depository of county funds because of failure to accompany bid with· certified check as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2441, it did not become bound to give bond required thereunder, and was not liable to county under article 2443 on account of personal check accompanying bid for failure to thereafter enter into bond.

3. **Banks and banking** ⬅145—**Bank's check drawn on itself binds it alone, but check drawn on another bank and certified binds both banks (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—188).**

Check drawn by bank on itself binds it alone, while check that it draws on another bank and has certified ·binds both· it and the

other bank, in view of Vernon's Ann. Civ. St. Supp. 1922, art. 6001—188.

**4. Depositaries ⊚⟶6—Bank failing to accompany bid for selection as depository with certified check held not estopped from subsequently denying liability on personal check (Vernon's Sayles' Ann. Civ. St. 1914, arts. 2440, 2441, et seq.).**

Bank *held* not estopped from denying liability on personal check accompanying bid under Vernon's Sayles' Ann. Civ. St. 1914, art. 2440, et seq., for selection as county depository, since commissioners' court was unauthorized to select bank as depository because of failure to accompany bid with certified check as required by article 2441.

· Hodges, J., dissenting.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Suit by Bowie County against the Farmers' Guaranty State Bank of New Boston. Judgment for defendant, and plaintiff appeals. Affirmed.

In January, 1925, the commissioners' court of Bowie county, as authorized and required by law (article 2440 et seq., Vernon's Statutes), invited bids from banking corporations, associations, and individual bankers desiring to be selected as the depository of funds of said county; and in February, 1925, the State Exchange Bank of New Boston having offered to pay a higher rate of interest on such funds than any other bidder offered to pay, said court selected it as such depository.

By the terms of the statute the commissioners' court was required to publicly open bids received and select as such depository the bidder offering to pay "the largest rate of interest per annum for said funds" (article 2442). Each bid was to be (article 2441) "accompanied by a certified check for not less than one-half of one per cent. of the county revenue of the preceding year as a guaranty of the good faith on the part of the bidder, and that, if his bid should be accepted, he will enter into the bond hereinafter provided." "When the selection of a depository had been made," it was provided (article 2442), "the checks of bidders whose bids have been rejected shall be immediately returned. The check of the bidder whose bid is accepted shall be returned when his bond is filed and approved by the commissioners' court, and not until such bond is filed and approved." If the bidder selected as depository failed to give bond as provided by the statute (article 2443), "the amount of such certified check," it was declared, "shall go to the county as liquidated damages, and the county judge shall readvertise for bids." The bid of said State Exchange Bank was not accompanied by a certified check, but it was accompanied by a check drawn on said bank by its cashier in favor of the county judge of Bowie

county for $5,000, which sum was one-half of one per cent. of the county revenue for the year 1924. Said State Exchange Bank was insolvent at the time its bid was accepted by said commissioners' court as stated, and it never executed a bond as depository of the county funds as provided by law (article 2443) because the state banking commissioner notified it he would close it if it executed such a bond.

This suit by said Bowie county, appellant here, was to recover the amount of the check mentioned above. In its petition the county alleged that in March, 1925, the State Exchange Bank, being insolvent, closed its doors and was taken over by the banking commissioner for liquidating purposes. It alleged further, that the assets of said State Exchange Bank were transferred to the appellee bank in consideration, among other things, of the assumption by the latter of the liabilities of the former, among which, it alleged, was the liability of said State Exchange Bank on account of said check. The trial was to the court without a jury. The appeal is from a judgment denying appellant a recovery of anything against appellee, and in favor of the latter for costs.

Johnson & Waters, of New Boston, for appellant.

King, Mahaffey & Wheeler and E. L. Lincoln, all of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] We think the conclusion of the trial court that the act of the commissioners' court in selecting the State Exchange Bank as the depository of the county funds was unauthorized, because the bid of said bank was not accompanied by a certified check as required by the statute, was correct. If it was, the judgment is not erroneous; for if the act of the commissioners' court was unauthorized it did not bind the county, and if it did not bind the county it did not bind the bank. 13 C. J. 331 et seq., and authorities there cited. In other words, if the selection of the bank as county depository by the commissioners' court was not binding on the county, the bank was never lawfully selected as the depository of the county's funds, and if it was never so selected it never became bound to give a bond as such depository, and therefore never became liable to the county on account of the check accompanying its bid.

[3] Appellant insists, in support of its contention that the judgment is erroneous, that there is no substantial difference between a certified check and the check of a bank cashier on his own bank, and hence that the check which accompanied the bank's bid was a substantial compliance with the requirements of the statute. On that view it argues that the commissioners' court acted within its power,

and hence bound the county, when it selected the bank as depository. But we think there is a wide difference between the two kinds of checks. A check drawn by a bank on itself binds it alone, while a check it draws and has another bank to certify binds both it and the other bank. Article 6001—188, Vernon's Statutes 1922 Supp.; Times Square Automobile Co. v. Bank, 77 N. J. Law, 649, 73 A. 479, 134 Am. St. Rep. 811. Evidently the purpose of the lawmakers in requiring a bidder to accompany his bid with a certified check was to add the liability of another than the bidder as security for the payment of damages to the county for a failure of the bidder to give bond as provided in the statute. Evidently, also, the lawmakers did not intend to put it within the power of the commissioners' court to discriminate between bidders as that court might if it was discretionary with it to consider a bid not accompanied by a certified check as required by the statute.

[4] In support of its contention appellant insists, further, that the bank was estopped from denying liability on the check. The argument is that the check was voluntarily deposited with the bank's bid and that the commissioners' court acted on the faith of it when they selected the bank as the county depository. The validity of the argument cannot, of course, be admitted, if the conclusion reached that the commissioners' court, for the reason stated, was without power to select the bank as depository, is correct.

The judgment is affirmed.

HODGES, J. I cannot agree to the opinion of this judgment and shall state my reasons later.

HODGES, J. (dissenting). The check sued on in this case was drawn by the State Exchange Bank upon itself. It is in form the legal equivalent of a promissory note payable on demand. Upon its face it is a good common-law obligation, and its payment may be enforced if it was voluntarily issued for a lawful purpose and for a valid consideration. Leona, etc., Co. v. Roberts, Governor, 62 Tex. 615; Watkins v. Minter, 107 Tex. 428, 180 S. W. 227. That it was voluntarily issued and for a lawful purpose is conceded. It is also admitted that the conditions had occurred on which it was to be presented and paid. The only available defense is that the check was without a legal consideration. The check accompanied the bid of the State Exchange Bank for the loan of the county funds. It was delivered as an evidence of the good faith of the bidder and as a guaranty that the bidder would make the bond required by law in the event its bid was accepted. The bid was accepted, but for reasons not here material the bidder refused to make the bond and qualify as a county depository. If the commissioners' court had the legal authority to accept the bid of the State Exchange Bank, then it must be conceded that the check was based upon a legal consideration and is now a binding contract. On the other hand, if the commissioners' court did not have the legal authority to accept that bid, then the acceptance was void and the check is without any legal consideration. The power of the commissioners' court to accept the bid and make the designation is challenged upon the ground that the check accompanying the bid was not formally certified. In all other the proceedings up to that stage were regular, and the bid of the State Exchange Bank was the best offered. The only obstacle in the way of a legal acceptance, if there be any, was the failure of the bidder to have its check certified before presenting it with its application for the loan. The power of the commissioners' court to accept a bid accompanied by a check not certified, but regular and valid in all other respects, depends upon what construction should be placed upon the provisions of the statute which authorizes the selection of county depositories. Those provisions appear as chapter 2, title 44, of the Revised Statutes of 1911.

Article 2440 requires the commissioners' court of each county, at the February term following a general election, after giving 20 days' notice, to receive proposals from bankers and banking corporations desiring to be selected as a county depository for the two succeeding years. Article 2441 provides that sealed bids, or proposals, stating the rate of interest to be paid on daily balances, shall be delivered to the county judge, and further that—

"Said bid shall be accompanied by a certified check for not less than one-half of one per cent. of the county revenue of the preceding year as a guaranty of good faith on the part of the bidder, and that, if his bid should be accepted, he will enter into the bond hereinafter provided; and upon the failure of the banking corporation, association, or individual banker, that may be selected as such depository, to give the bond required by law, the amount of such certified check shall go to the county as liquidated damages, and the county judge shall readvertise for bids."

Article 2442 directs how and when the bids shall be opened and entered on the minutes of the court, and the selection of a depository made. It also provides that the court may reject any and all bids, and directs the return of checks of bidders whose bids have been rejected. It provides, however, that—

"The check of the bidder whose bid is accepted shall be returned when his bond is filed and approved by the commissioners' court."

Article 2443 requires the successful bidder, within five days after selection, to make a bond or deposit other security acceptable to the commissioners' court. The condition of the bond, and that upon which the security

is to be deposited, shall be for the faithful performance of the duties required by law of the depository and the payment upon presentation of all checks and demands lawfully presented and made. Other provisions require the commissioners' court, after the approval of the bond, to enter an order designating the successful bidder as the depository. After that has been done, it is made the duty of the county treasurer and the tax collector to deliver public funds to the depository thus designated. Article 2445 provides that if no bids are offered, or those offered are declined, it shall be the duty of the commissioners' court to deposit the county funds with some other bank or banker for such periods of time as it may be deemed advisable and for such a rate of interest as may be agreed upon, not less than 1½ per cent. per annum. Article 2450 provides that if for any reason no selection of a depository is made at the time prescribed, the commissioners' court may, at any subsequent time, after giving 20 days' notice, select a depository in the manner provided for such selection at the regular time. If the requirement, "said bid shall be accompanied by a certified check," is mandatory, then the commissioners' court had no power to accept a bid accompanied by a check not formally certified. But if that provision is merely directory, the power of the commissioners' court was not affected by the failure to have the check certified.

It has been repeatedly stated by law-writers and in judicial decisions that no definite rule can be laid down by which to determine when the language of a statute is mandatory and when it is only directory. The author of Lewis Sutherland on Statutory Construction, vol. 2, p. 1115, thus states a general rule:

"Where a statute is affirmative it does not necessarily imply that the mode of time mentioned in it is exclusive, and that the act provided for, if done at a different time or in a different manner, will not have effect. Such is the literal implication, it is true; but since the letter may be modified to give effect to the intention, that implication is often prevented by another implication, namely, that the Legislature intends what is reasonable, and especially that the act shall have effect; that its purpose shall not be thwarted by any trivial omission, or a departure from it in some formal, incidental or comparatively unimportant particular."

The same writer quotes the following from Lord Campbell:

"It is the duty of courts of justice to try to get at the real intention of the Legislature by carefully attending to the whole scope of the statute to be construed."

The following quotations are from the same volume:

"Sec. 621. Under a statute providing a remedy by the verdict of a jury for the undervaluation of land by highway commissioners, the verdict was required to be certified by the justice who issued the summons. His duties in the premises were of a ministerial character. He had no control of the proceedings. He was not to preside, or to direct the admission or exclusion of evidence, as on a trial before him. * * * The statute prescribed no penalty, and imposed no forfeiture in case of noncompliance with its provisions. There was no declaration that the verdict should be void for failure to comply with them. It was held that the verification of the verdict was not incapable of being certified in other ways as well as by the justice who issued the summons. It was a formal matter, because it proved nothing that could not be proved in other ways as satisfactorily. Its omission could work no prejudice to the certainty of the proceeding. * * * The court held that the provision requiring it was directory and not a condition precedent. 'When a formality is not absolutely necessary,' say the court, 'for the observance of justice, but is introduced to facilitate its observance, its omission, unless there is an annulling clause in the law, will not annul the act.' * * *

"Sec. 622. The requirement that the inspectors of a corporate election be sworn, in the absence of a nullifying clause on account of the omission, was held directory; that the election was not invalidated by the failure of the officers to be sworn. A statutory provision that the clerk of the district give notice of the annual meetings was merely directory, and that the proceedings after the meeting were valid although no notice was given. A board of canvassers cannot reject a pollbook on account of its being transmitted to the clerk through one not an elective officer. Statutes concerning the manner of conducting elections are directory unless the noncompliance is expressly declared to be fatal to the validity of the election or will change or make doubtful the result. Provisions requiring ballots to be initialed by the judges of election, to be marked in ink, and to contain the name of the party or principle which the candidate represents, were held directory. But a provision that a ballot not conforming to certain requirements shall not be counted is mandatory."

The following decided cases support the foregoing general rule: Russell v. Farquhar, 55 Tex. 356; City of Uvalde v. Burney (Tex. Civ. App.) 145 S. W. 311; Gomez v. Timon et al., 60 Tex. Civ. App. 311, 128 S. W. 656; Ferriss Press Brick Co. v. Hawkins, 53 Tex. Civ. App. 578, 116 S. W. 80; Reynolds v. Dechaums, 24 Tex. 174, 76 Am. Dec. 101; Albright v. Allday (Tex. Civ. App.) 37 S. W. 646; Gaines, Treasurer, v. Faris, 39 Miss. 403.

When applied to this case, the test would seem to be this: If the certification of a check otherwise good and in proper form, which accompanies a bid, is something which is essential to the accomplishment of the principal object for which the statute was enacted, something which cannot be omitted without affecting that object, then the requirement is mandatory. But if the certification of such check is a mere subordinate detail which may be omitted without affecting the accomplishment of the statutory end, then

the provision should be treated as only directory. In every instance where a statute is to be construed, the purpose is to ascertain the legislative intent and, if possible, give it effect. Such intent may be as effectively defeated by giving undue importance to subordinate details as by disregarding those of primary importance.

The logical inquiry here is: What was the controlling purpose for which this statute was enacted? Evidently it was to enable the counties, through their commissioners' courts, to invest the public funds in the form of loans to local banking concerns. In order to prevent collusion, or favoritism, and to secure profitable contracts, the statute required the publication of notice calling for bids at a stated time. To make the loans secure, the borrower selected was required to execute a bond, or deposit other specified security. A compliance with those provisions being essential to the accomplishment of the purpose of the statute, they should be treated as mandatory. The omission of any of them might affect the value of the loan contract. But that cannot be said of the failure to certify the check which accompanies the bid.

An analysis of this statute shows that it provides for the making of two contracts; the first subordinate and preliminary to the second, or principal, contract. The execution of the first is completed when a bid is tendered and accepted by the commissioners' court. The bidder is then under a legal obligation to make the bond or furnish the security required for the loan. The second, or principal contract, is executed when the bond is made, or the security furnished, and approved by the proper authorities. The check is designed only as security for the performance by the bidder of the first, or subordinate, contract. When that failure occurs, the loan is not made. The amount of the check is to be collected as damages for the breach of the first contract. That breach can in no way affect the investment of the county funds. Upon the execution of the bond to secure the loan, the check ceases to be of any importance and is returned to the drawer.

Let us suppose that the best and highest bid is, as in this case, accompanied by a check, not formally certified, but good in all other respects. The acceptance of such a bid is just what the law intends; but if the omission of certification is to be treated as of jurisdictional importance the statutory intention may be defeated by giving undue importance to a nonessential detail. On the other hand, if that omission may be waived, or treated as of secondary importance, the real object of the statute may be accomplished. I can conceive of no instance in which the failure to present a certified check as the accompaniment of a bid could impair the value of the investment which the statute authorized.

While it is provided that a certified check equal to one-half of one per cent. of the revenues for the preceding year shall accompany a bid, the statute does not say that if the accompanying check is not certified the bid shall not be considered. The logical inference is that the check was intended merely as a means of measuring and collecting the damages that may result from the failure of the bidder to qualify as a depository. In the matter of accepting bids a large discretion is allowed the commissioners' court. Bids may be rejected for any reason deemed proper. That includes the power to reject for the insufficiency of the check to furnish an adequate guaranty that the bidder would make the bond if his bid should be accepted. It thus appears that the certification of the check is not necessary to enable the commissioners' courts to protect themselves against an irresponsible bidder.

It is true the selection of a county depository is a statutory proceeding; but the check provided for is a simple common-law obligation. Its execution and certification devolve upon the bidder. In this instance the check was drawn by the State Exchange Bank upon itself, and under the statute that form of check is permissible. Certification could add nothing to its value, since it binds the drawee without certification. The fact that certification may strengthen the guaranty by making another liable on the check cannot be decisive of the question. Strengthening the check does not alter the subordinate place it occupies in that proceeding. It clearly appears from this statute that the solvency of the bidders, and that of the bank upon which the check presented is drawn, are matters left entirely to the judgment of the commissioners' court.

Let us suppose that in this case the State Exchange Bank had made the required bond, and had been designated as the county depository. Could the county treasurer or the tax collector refuse to deliver the public funds solely because this check had not been formally certified? Or in a suit for a breach of the bond could the sureties of the bank plead as a defense that the bond was void because the check accompanying the bid had not been certified? I know of no judicial ruling that would call for an affirmative answer to those questions. If they should be answered otherwise, then there was a valid consideration for this check.

Since the failure to have the check certified is the fault of the bidder, the latter will not be heard to say that it was not presented in good faith and for the purpose of securing the acceptance of its proposal. If the formality lacking is not jurisdictional, the bidder will be estopped to urge that omission in a suit of this character.

This is not an action to enforce a penalty, but one to collect liquidated damages result-

ing from the breach of a contract. Presumably the county lost the profits of a good contract when the bidder declined to make the bond. The fact that the measurement of such damages ·may often be attended with some difficulty places this transaction within the rule stated in Collins-Decker Co. v. Crumpler, 114 Tex. 528, 272 S. W. 772, and cases there referred to.

I think in this action Bowie county should have a judgment for the amount sued for, and that the trial court erred in not so holding.