## SCOTT v. HARRIS.
### No. 2702.

Court of Civil Appeals of Texas. El Paso. June 30, 1932.

Rehearing Denied July 18, 1932.

Lee R. Stroud and B. W. Ashworth, both of Dallas, for appellant.

Taylor & Irwin and Geo. Sergeant, all of Dallas, for appellee.

HIGGINS, J.

Harris brought this suit against Mrs. Scott to recover a parcel of land in Dallas and certain chattels in an apartment house situated upon the land. Writ of sequestration was issued, and the property seized.

Upon special issue findings, judgment was rendered in plaintiff's favor. Appeal in forma pauperis was duly perfected. Appellant then filed affidavit to such fact and requested the court to order the official reporter to make a transcript of the evidence in narrative form in duplicate and to deliver same to her. This court refused to do, and its action in this respect is assigned as error.

■ Under the Act approved February 18, 1930, the court should have ordered the reporter to make and deliver the statement of facts as requested. Chapter 50, Acts 41st Leg. 4th Called Sess. p. 91 (Vernon's Ann. Civ. St. art. 2278a). Appellee asserts the act cited was repealed by the Act of the 42d Leg. approved May 18, 1931, c. 134, p. 226, Regular Session (Vernon's Ann. Civ. St. arts. 2266, 2457). This last-mentioned act amends articles 2266 and 2457, Revised Statutes, and in no wise affects the Act of February 18, 1930.

The court erred in its ruling, but the error is not reversible, for appellant could have compelled the court reporter to furnish the statement of facts by application for mandamus to the Court of Civil Appeals. Young v. Chilton (Tex. Civ. App.) 41 S.W.(2d) 505; Rice v. Roberts (Tex. Civ. App.) 177 S. W. 149; Otto v. Wren (Tex. Civ. App.) 184 S. W. 350; Ferris Press Brick Co. v. Hawkins, 53 Tex. Civ. App. 578, 116 S. W. 80.

No reason appearing why appellant did not resort to her remedy by mandamus, the case will not be reversed because of her failure to obtain the statement of facts. Middlehurst v. Collins-Gunther Co., 100 Tex. 349, 99 S. W. 1025; Smith v. Pecos Valley & N. E. R. Co., 43 Tex. Civ. App. 204, 95 S. W. 11; Pruitt v. Blesi (Tex. Civ. App.) 204 S. W. 714.

■ By other propositions appellant complains of a ruling upon evidence and questions the sufficiency of the evidence to support the findings and judgment, but these matters cannot be considered in the absence of a statement of facts. 3 Tex. Jur. §§ 378 and 384.

■ The defendant pleaded not guilty, general denial, and affirmative defenses. Though there is no statement of facts, it is apparent from the record the plaintiff claimed title to the land under deed executed by a trustee who foreclosed under power of sale contained in a deed of trust executed by Mrs. Scott to secure payment of certain of her notes held by Harris. Mrs. Scott in her answer attacked the validity of the trustee's deed upon the ground that she was not in default upon the notes. She also pleaded that, subsequent to the sale by the trustee, Harris orally agreed to reconvey the land to her upon certain payments being made, which oral agreement he had confirmed by letter, and that she had made the payments as agreed. Appellant's pleadings are in a state of confusion, but they are sufficient to raise the two defenses indicated. Upon exception she was required by the court to elect upon which of the two defenses she would rely, and under protest she elected to rely upon the alleged promise to reconvey. The action of the court in compelling her so to do is assigned as error. In this matter the court erred, for the defendant had the right to plead all of her defenses, and the fact that some of them may have been inconsistent is immaterial. This rule of pleading is so well settled that citation of authority to that effect is unnecessary. Some of the cases so holding may be found in 13 Michie Digest, p. 1145.

Appellee's counter proposition to this assignment is that "a litigant must elect upon which of two separate and inconsistent causes of action alleged he will rely."

The cases cited by appellant which hold that a plaintiff may be required to elect upon which one of inconsistent remedies he will rely have no application to defensive pleas.

Appellant designated her special pleas as follows: "Mrs. Scott's Several Cross-Actions, and Affirmative Suits: Wrongful Seizure—Void Foreclosure—Damages—Rents—etc. * * *" "Their Parol Contract to Pay $250 per Month and Get a Deed."

■ In legal effect the pleas were defensive, and they will be so treated. It is immaterial that the defendant called them "Cross-Actions and Affirmative Suits." Free v. Robert Burgess & Son, 104 Tex. 31, 133 S. W. 421; Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427; Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056, 1057; Crosby v. Di Palma (Tex. Civ. App.) 141 S. W. 321; Wetsell v. Hopkins, 29 Tex. Civ. App. 218, 67 S. W. 1075.

For the error indicated, the case is reversed and remanded.