**Roy McGLOTHLIN, Appellant,**

v.

**Claude BURKETT, Appellee.**

No. 4748.

Court of Civil Appeals of Texas, Eastland.

Nov. 15, 1974.

Paul W. Leech, Behan & Leech, Grand Prairie, for appellant.

Forrest W. Wagner, Pettigrew, Buckley & Wagner, Grand Prairie, for appellee.

WALTER, Justice.

Claude Burkett recovered judgment against Roy McGlothlin for a commission on a real estate sale. McGlothlin has appealed and asserts four points of error, three of which relate to the alleged error of the court in failing to grant his motion for an instructed verdict.

It appears from the motion for an instructed verdict that it was made after the appellee rested his case. The record before us does not show that a second motion

for an instructed verdict was made at the close of all of the evidence.

■ No statement of facts has been filed in this case. When no statement of facts is filed, we must presume that there was evidence to support the verdict of the jury and the judgment of the court. City of Galveston v. Hill, 151 Tex. 139, 246 S. W.2d 860 (1952).

■ In Tex–Wash Enterprises, Inc. v. Robna, Inc., 488 S.W.2d 504 (Tex.Civ.App. —Waco 1972, writ ref'd n. r. e.), at page 506 the court said:

"(2) Complaint cannot be made of the overruling of a motion for instructed verdict without carrying the grounds in the motion forward as assignments of error in a motion for new trial. Rule 324, Texas Rules of Civil Procedure; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 891 (1960); Pioneer Casualty Company v. Blackwell (Tex.Civ.App., 1964, writ ref., n. r. e.) 383 S.W.2d 216, 218, citing many authorities. No mention is made in appellants' motion for new trial of their motion for instructed verdict or any ground upon which it was based.

(3) Moreover, the record shows that the motion for instructed verdict was made and overruled at the close of appellee's proof, and that it was not urged again. Appellants did not choose to stand on the court's ruling, but proceeded to introduce evidence in support of their defenses. Under these circumstances, appellants waived any right to complain of the court's ruling on the motion. Jackson v. Jackson (Tex.Civ.App., 1971, writ ref., n. r. e.) 470 S.W.2d 276, 278, and the many authorities cited there."

We are compelled to sustain appellee's contention that the three points relating to the alleged error in refusing to grant ap-

pellant's motion for instructed verdict cannot be considered.

■ Appellant contends the procuring cause issue and the instructions as submitted to the jury constitute a comment on the weight of the evidence. In his objections to the Court's charge he says:

"Defendant McGlothlin objects and excepts to the definition of procuring cause in Special Issue No. 1 as being a comment on the weight of the evidence."

In Hickman v. Durham, 213 S.W.2d 569 (Tex.Civ.App.—Eastland 1948, writ ref. n. r. e.), at page 570 the court said:

"It is our conclusion that the objection leveled to the charge does not present error. The first part of the exception, 'such a charge is a comment upon the weight of the evidence,' does not say wherein or in what respects the charge is upon the weight of the evidence. The charge is a correct abstract statement of the law and in our opinion is not upon the weight of the evidence."

In Metal Structures Corp. v. Plains Textiles, Inc., 470 S.W.2d 93 (Tex.Civ.App.— Amarillo 1971, writ ref. n. r. e.), at page 102 the court said:

". . . To constitute a comment on the weight of the evidence, the special issue must be worded so as to indicate an opinion by the trial judge as to the verity of the fact inquired about."

This general objection was not preserved as an assignment of error in his motion for a new trial, therefore, we cannot consider it.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.