Pamela Jean PATTISON, Appellant,

v.

Kelly SPRATLAN, Appellee.

No. 887.

Court of Civil Appeals of Texas, Tyler.

March 18, 1976.

Rehearing Denied April 8, 1976.

Jerry Mack Hyde, Tyler, for appellant.

A. D. Clark, III, Dist. Atty., Tyler, for appellee.

MOORE, Justice.

This is an appeal from a decree of the Smith County Court of Domestic Relations terminating the parent-child relationship.

Appellee, Kelly Spratlan, instituted suit against appellant, Pamela Jean Pattison, to terminate the parent-child relationship between appellant and her minor children pursuant to Sec. 15.02(I), Texas Family Code. As grounds for termination appellee alleged that appellant had executed an irrevocable affidavit of relinquishment of parental rights as provided in Sec. 15.03 of the Code. The affidavit of relinquishment signed by appellant was attached to appellee's petition. Appellant answered alleging that the affidavit was signed under duress and therefore void. She alleged that at the time she signed the affidavit of relinquishment she was unable to provide support for her children and went to the Smith County Department of Welfare seeking financial aid and that the Department required her to execute the relinquishment affidavit "before such agency would take such children or render any help or aid" to her.

After a trial before the court without a jury, the trial court found that appellant executed the affidavit of relinquishment of parental rights in accordance with Sec. 15.-03 of the Code. The court further found that termination of appellant's parental rights would be in the best interest of the minor children and accordingly terminated the parent-child relationship and appointed appellee, Kelly Spratlan as managing conservator of the children. Appellant has perfected this appeal and brings forward five points of error.

By her first point appellant complains that the trial court erred in rendering judgment against her on the basis of the affidavit of relinquishment of parental rights because she contends the relinquishment affidavit was revoked by her prior to trial.

█ The record is before us by way of transcript only. There is no statement of facts nor findings of fact and conclusions of law. Without a statement of facts we do not know what the testimony was and therefore we are unable to determine whether appellant actually "revoked" the affidavit prior to trial. There is nothing in the record, other than appellant's allegations in her answer, tending to show that appellant desired to revoke the relinquishment affidavit. Section 15.03(d), Texas Family Code, provides that an affidavit of relinquishment of parental rights which designates the State Department of Public Welfare as the managing conservator of the children is irrevocable. Appellant having executed the relinquishment affidavit des-

ignating the Tyler-Smith County Child Welfare Unit as managing conservator, the affidavit was not revocable at the will of appellant because of the last cited section of the Family Code. The decree of termination recites that evidence was heard and finds that appellant executed the irrevocable affidavit. In the absence of a statement of facts showing duress, we must presume in support of the judgment that appellant failed to establish her defense of duress. *Goodin v. Geller,* 521 S.W.2d 158, 159 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.); *McGlothlin v. Burkett,* 518 S.W.2d 252, 253 (Tex.Civ.App.—Eastland 1974, no writ). Accordingly, appellant's first point is overruled.

■ Appellant contends by her second point that Sec. 15.03, Texas Family Code, is unconstitutionally vague and overbroad. This contention is without merit. Section 15.03 prescribes the contents of the affidavit to be executed by the relinquishing parent. The section requires that the affidavit of relinquishment contain basic information about the children, parents and their respective circumstances. The information required is extensive in order for the court to be assured that the parent is aware of the nature of the relinquishment of parental rights. See generally, 5 Tex.Tech Law Review, Commentary, 441–444 (1974). The section is neither vague nor overbroad.

■ Appellant's third point contends that Section 15.03 is contrary to State and Federal welfare laws. This point is overruled. The statute is not connected, in any way, with State or Federal welfare laws. Insofar as we are able to determine, there is nothing in the section which could be construed to be conflicting with State or Federal welfare laws, nor does the record reveal that the trial court applied the section in a manner contrary to the State or Federal welfare laws.

■■ By her final points appellant complains that the court erred in failing to order the preparation of the statement of facts based upon her affidavit of inability to pay. These points must likewise be overruled. The record fails to show that the affidavit of inability to pay cost was presented to the trial court and there is nothing to show that the trial court failed or refused to rule on her request. Thus, appellant must be held to have waived her right to complain. If the trial court did, in ·fact, fail or refuse to rule on the matter, appellant's remedy was by way of mandamus. Upon the failure or refusal of the trial court to order the preparation of the statement of facts appellant had a right to seek a writ of mandamus from this court to compel the trial court to order the preparation of the statement of facts. Having failed to seek a writ of mandamus requiring the preparation of the statement of facts, appellant failed to use due diligence and is thus not entitled to a reversal. *Scott v. Harris,* 52 S.W.2d 286, 287 (Tex.Civ.App.—El Paso 1932, no writ); *Jenkins v. Jenkins,* 50 S.W.2d 341, 342 (Tex.Civ.App.—Texarkana 1932, writ dism'd).

The judgment of the trial court is affirmed.