The SOCIETY OF SEPARATIONISTS, INC. and Madalyn Murray O'Hair, Appellants,

v.

Susan Lee Jones STROBEL, Appellee.

No. 13011.

Court of Civil Appeals of Texas, Austin.

Jan. 23, 1980.

856

Madalyn Murray O'Hair, pro se.

Earl L. Yeakel, III, Kammerman, Yeakel & Overstreet, Austin, for The Society of Separationists, Inc.

Jeffrey M. Friedman, Friedman, Weddington, Hansen & Gordon, Austin, for appellee.

SHANNON, Justice.

Appellee Susan Lee Jones Strobel filed suit for slander in the district court of Travis County against appellant Madalyn Murray O'Hair and The Society of Separationists, Inc. Appellee alleged that O'Hair and the Society slandered her when O'Hair filed a complaint with the Austin Police Department claiming that appellee had stolen two computer tapes from the offices of the Society. After trial to a jury, the district court entered judgment for appellee for $45,000 representing compensatory and exemplary damages. We will reverse the judgment.

Appellants filed briefs asserting a total of forty points of error. A threshold point is that the district court erred in not requesting the presiding judge of the administrative judicial district to hear and consider appellants' motion to recuse.

The motion to recuse is found in an inartfully drawn, *pro se* pleading entitled, "Entry of Appearance." The motion stated two purported reasons why Judge Hume Cofer should not preside over the trial of the case. In place of requesting the presiding judge to assign another district judge of the administrative district to hear the motion to recuse, Judge Cofer heard, considered, and overruled appellants' motion.

The failure of the district court to request the presiding judge to assign a judge of the administrative district to hear the motion to recuse conflicts with Tex.Rev.Civ. Stat.Ann. art. 200a § 6 (Supp.1978). That statute provides in part:

"A district judge shall request the Presiding Judge to assign a judge of the Ad-

ministrative District to hear any motions to recuse such district judge from a case pending in his court."

The Supreme Court has considered recently Art. 200a § 6 in *McLeod v. Harris*, 582 S.W.2d 772 (Tex.1979). The Court in *McLeod* held that by the express terms of Art. 200a § 6 a district judge has the mandatory duty to request the presiding judge of the administrative district to assign another judge of the administrative district to hear a party's motion to recuse.

Appellee argues that appellants, by not filing an application for writ of mandamus, have "waived" their right to have appellate consideration of the district court's error. As authority for her position, appellee relies on *Pattison v. Spratlan*, 535 S.W.2d 48 (Tex. Civ.App.1976, aff'd per curiam, 539 S.W.2d 60 (Tex.1976)), and *Scott v. Harris*, 52 S.W.2d 286 (Tex.Civ.App.1932, no writ). *Pattison* and *Scott*, among other cases, hold that the proper practice is to apply for a writ of mandamus to compel the reporter to prepare the statement of facts. The rule in such cases is hardly applicable to the case at bar.

Appellants' lack of time to prepare and file an application for writ of mandamus readily distinguishes their plight from that of an aggrieved party attempting to obtain a statement of facts from a recalcitrant court reporter. The Rules of Civil Procedure prescribe a time certain for the appellant to obtain and file the statement of facts. The Courts of Civil Appeals may extend the time for filing the statement of facts upon proof reasonably explaining the need. Tex.R.Civ.P. 21c. After exhaustion of one or more extensions of time, diligent counsel will prepare and file mandamus proceedings.

Appellants, unlike a party seeking to obtain a statement of facts, had little or no time to prepare and file an application for writ of mandamus. The motion to recuse was prepared and filed at 10:32 A.M. on October 23, 1978, immediately after appellant O'Hair learned that the case had been assigned to Judge Cofer for trial. The mo-

tion to recuse was considered and overruled by the court just before trial time on October 23.

Given sufficient time, appellants probably could have obtained redress by application for writ of mandamus. See *McLeod v. Harris, supra.* Under the circumstances, however, appellants elected to correct the district court's error by appeal. Appellants' selection of appeal resulted in no harm other than delay necessarily incident to the appellate process. Appellants' choice to refrain from seeking relief by mandamus does not preclude them from asserting the district court's error on appeal.

The filing of a motion to recuse, of course, does not disqualify the judge. Article 200a § 6 only requires that the presiding judge assign another judge to determine the merits of the motion. *McLeod v. Harris, supra.*

The judgment is reversed and the cause is remanded for new trial.

Reversed and Remanded.